IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROBLAC, an organization;  ALEXANDER MATTHEWS, as individuals;  DARREN RENFROW, as individuals; JORDAN CORBIN, as individuals; JOSHUA AUGUSTINE, as individuals; LIYA WHATCOTT, as individuals;  RILEY WILSON, as individuals; KATELYN HUCKINS, as individuals;  and MELANIE BUER, as individuals; <br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OMAHA, a Municipal Corporation; TODD SCHMADERER, In their Individual and Official Capacities;  and MARK MATUZA, In their Individual and Official Capacities;<br><br>Defendants. | 8:20CV400<br><br><br>ORDER |

This matter is before the Court on defendants' motion to strike, Filing No. 20, pursuant to Fed. R. Civ. P. 12(f) certain material from plaintiffs' complaint and brief in support of the motion for preliminary injunction, Filing No. 7. In relevant part, Fed. R. Civ. P. 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is to "minimize delay, prejudice, and confusion." *Infogroup, Inc. v. Database LLC*, 95 F. Supp. 3d 1170, 1195 (D. Neb. 2015) (citations omitted).

1

The Court has carefully reviewed the requests to strike references to "the Crossroads Protests" from plaintiffs' complaint and from the brief in support for preliminary injunction. Defendants argue that this case revolves around the protest at the intersection of 30th and Farnam Streets on July 25, 2020 and has nothing to do with the protest that occurred on May 29 and 30 at Crossroads Mall.

Plaintiffs disagree and argue that this is a civil rights case based on how the City now responds to peaceful protests. Plaintiffs contend that the Court cannot determine at this stage in the proceedings whether these allegations are in fact material or relevant. The plaintiffs have alleged a pattern of unlawful responses by Omaha police to protesters. This pattern, argues plaintiffs, cause members of the organization to hesitate to engage in such activities. This repeated injury may later go to the issue of standing asserts plaintiffs.

The Court agrees. Generally, this remedy is disfavored and seldom granted, and the Court is given "liberal discretion" to make this determination. See *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). The Court finds sufficient reasons exist, as argued by the plaintiffs, to deny this motion to strike.

THEREFORE, IT IS ORDERED THAT defendants' motion to strike, Filing No. 20, is denied.

Dated this 23rd day of November, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge